**Richard Dewey BEAVER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13693.

Missouri Court of Appeals, Southern District, Division One.

April 9, 1985.

Larry Maples, Asst. Public Defender, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Richard Dewey Beaver entered pleas of guilty to criminal charges of escape from confinement, § 575.210,[1] first degree robbery, § 569.020, and kidnapping, § 565.110, and was sentenced respectively to terms of five years, fifteen years, and five years, with the sentences to run concurrently.

While in custody and serving those sentences, Beaver filed a motion to vacate his convictions and set aside his guilty pleas pursuant to Rule 27.26. His motion, as later amended, alleged five grounds in its support, which were 1) lack of effective assistance of counsel, 2) the pleas were the result of duress and undue influence, 3) the trial court lacked jurisdiction to accept the guilty pleas since the robbery and kidnapping charges were pending in McDonald County, and the pleas to those charges were taken in Newton County, where the escape charge was pending,[2] 4) the court failed to follow procedures of Rule 24.02 in accepting the guilty pleas, and 5) the court improperly assessed judgment of $26 against Beaver for the Crime Victim's Compensation Fund.

The motion court held an evidentiary hearing, after which it filed findings of fact, conclusions of law, and a judgment denying all relief requested except the assessment of the $26 judgment.

On appeal, Beaver asserts the motion court erred in denying relief because 1) the trial court did not comply with Rule 24.02 before accepting the guilty pleas because it did not a) advise Beaver of the nature of

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

**2.** The record indicates the robbery and kidnapping occurred in Newton County. Charges against Beaver for those two charges were filed in Newton County, but were transferred to McDonald County on change of venue. The escape was from the Newton County jail, and the escape charge was filed there. McDonald County and Newton County are in the same judicial circuit, and the trial judge who accepted the pleas was the circuit judge of that circuit.

the charges against him, b) did not advise him of the minimum and maximum punishments for the crimes in question, and c) did not determine if there was a factual basis for the pleas, and 2) Beaver was denied effective assistance of trial counsel because a) his attorney represented conflicting interests, and b) did not advise Beaver of the existence of a deposition of a potential witness which, if Beaver had known of it, might have resulted in his going to trial, rather than pleading guilty.

In its findings of fact, conclusions of law and judgment, the motion court ably addressed the effective assistance of counsel issue. However, the motion court did not discuss, and did not rule on the issue of, whether the trial court followed procedures mandated by Rule 24.02 before accepting Beaver's guilty pleas. This being so, there is no final judgment in this case from which appeal will lie, as an important issue properly raised by Beaver was not ruled on by the motion court.

The cause is remanded to the circuit court of Newton County for entry of an amended judgment addressing all of the questions Beaver raised in his amended 27.26 motion, including, but not limited to, the question of whether the trial court, before accepting the guilty pleas, complied with the procedures set out in Rule 24.02. The amended judgment shall be fully supported by findings of fact and conclusions of law.

TITUS, P.J., and FLANIGAN, J., concur.